**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4338**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ZACHARY EDWARD GARRETT,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:14-cr-00456-CCE-1)

_____

Submitted:  December 17, 2015      Decided:  December 21, 2015

_____

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Eric D. Placke, First
Assistant Federal Public Defender, Greensboro, North Carolina,
for Appellant.  Ripley Rand, United States Attorney, Eric L.
Iverson, Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary Edward Garrett challenges the reasonableness of the 138-month sentence imposed by the district court following his conviction, pursuant to a guilty plea, for receipt of child pornography. In imposing the sentence, the district court departed downward two levels from the appropriately calculated Guidelines range of 151 to 188 months and imposed a sentence in the middle of the revised Guidelines range. We affirm.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant does not assert procedural sentencing error, we turn our attention to the substantive reasonableness of the sentence, considering "the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) (citation omitted), cert. denied, 135 S. Ct. 421 (2014). We conclude that Garrett has not met this burden.

Garrett contends that the sentence imposed is greater than necessary to meet the goals of the sentencing factors, noting

2

that the court stated that Garrett's history and characteristics and the need to protect the public weighed in favor of a shorter sentence. However, the court carefully considered the remaining § 3553(a) factors and concluded that the nature and the seriousness of the offense warranted a longer sentence. We conclude that the district court adequately explained its reasons for the sentence imposed and that the below-Guidelines range sentence imposed is not unreasonable and not an abuse of discretion. See Gall, 552 U.S. at 41; Louthian, 756 F.3d at 306 (applying appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range).

We therefore affirm Garrett's 138-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED